UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Joel Jeronimo Martin,<br><br>           Petitioner<br><br>v.<br><br>United States of America, et al.,<br><br>           Respondents | Case No. 2:26-cv-00388-CDS-NJK<br><br>**Order Denying the Petitioner's Amended Writ of Habeas Corpus Petition and Motion to Seal**<br><br>[ECF Nos. 7, 8] |

Petitioner Joel Jeronimo Martin initiated this action on February 13, 2026, by filing a petition for writ of habeas corpus. *See* Pet., ECF No. 1-1. On March 11, 2026, he filed an amended petition, asserting that his continued detention by Immigration and Customs Enforcement (ICE) is unconstitutional because the Immigration Judge (IJ) confused Martin's criminal record with someone else when determining whether he posed a danger to the community, and therefore erroneously denied his release on bond. First am. pet., ECF No. 7 at 2. The respondents[1] filed a response. *See* Resp., ECF Nos. 11, 12.[2] This petition is fully briefed. *See* Reply, ECF No. 13. Martin also filed a motion to seal seven exhibits in their entirety, arguing that compelling reasons exist to seal the exhibits because they contain the petitioner's date of birth, alien registration number, and asylum claims. Mot., ECF No. 8. For the reasons explained herein, I deny Martin's petition and motion.

---

[1] The named respondents are John Mattos, Warden of the Nevada Southern Detention Center; Michael Bernacke, Field Director, Salt Lake City Field Office of ICE ERO; Tod Lyons, Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security; Pamela Bondi, Attorney General of the United States. Because Noem is no longer the DHS Secretary, the Clerk of Court is kindly directly to replace her name with Markwayne Mullin in the caption. Mullin will be the named defendant in place of Noem going forward. Likewise, because Bondi is no longer the Attorney General, the Clerk of Court is directed to replace her with Todd Blanche, Acting Attorney General.

[2] Respondent John Mattos separately filed a response, taking no position on the habeas or bond relief sought. *See* ECF No. 12.

## I.    Background

Martin is a citizen of Mexico who entered the United States in 1999 when he was eight years old. EOIR cert. admin. record, Pet'r's Ex. 1, ECF No. 9-1 at 29; ECF No. 7 at 3. Martin was previously removed from the United States to Mexico on January 8, 2010, and on February 20, 2010, when he was 19 years old. DHS cert, admin record., Pet'r's Ex. 2, ECF No. 9-2 at 5, 10; ECF No. 7 at 3–4.

Around February 12, 2025, local Las Vegas police arrested Martin based on a DUI and took him into custody. ECF No. 7 at 4. On October 22, 2025, Martin pleaded guilty to misdemeanor DUI and was ordered to pay a $910.00 fine. Las Vegas municipal court record, Pet'r's Ex. 5, ECF No. 9-5 at 4; ECF No. 7 at 4.[3] On January 5, 2026, Martin made a $200.00 payment, so a $710.00 balance remains. ECF No. 9-5 at 4.

On April 18, 2025, a review hearing of the Department of Homeland Security's Reasonable Fear Determination was held regarding Martin's case, and the IJ found that Martin did "not establish[] a reasonable possibility that the noncitizen would be persecuted on the basis of a protected ground." ECF No. 9-1 at 5; ECF No. 7 at 4. The IJ further found that there was no evidence supporting "a claim for relief under the Convention Against Torture" Act. ECF No. 9-1 at 5. Martin appealed the immigration judge's decision to the Ninth Circuit court of appeals. ECF No. 7 at 4; ECF No. 9-1.

On June 17, 2025, the immigration court considered Martin's request for a custody redetermination pursuant to 8 C.F.R. § 1236. Order, Resp'ts' Ex. B, ECF No. 11-3 at 4. Therein, the court found that Martin's request for a change in custody status was withdrawn without prejudice. *Id.*

On August 12, 2025, the immigration court conducted a custody redetermination hearing pursuant to an injunction issued by a magistrate judge for the Northern District of California.

---

[3] The record also indicates that Martin was previously found guilty of a DUI on September 8, 2010. *See* Municipal Court docket, Pet'r's Ex. 3, ECF No. 9-3 at 9.

Bond memo of the IJ, Pet'r's Ex. 4, ECF No. 9-4 at 2. The IJ entered an order indicating that DHS established that Martin was a danger to the community and a flight risk. ECF No. 11-3 at 6. The order also indicated that Martin reserved his right to appeal and that his appeal was due by September 11, 2025. *Id.* at 7.

On September 19, 2025, an IJ issued a separate bond memorandum explaining the decision denying Martin's bond and finding that DHS met its burden of proving that he was a "danger to the community" and "a flight risk such that he should not be released from custody." ECF No. 9-4 at 3. Therein, the IJ explained that it concurred with DHS's findings that Martin continued to disregard the laws of the United States. *Id.* The IJ also explained that Martin was "prosecuted for illegal entry in the United States and" entered illegally again. *Id.* The IJ further explained that after his most recent illegal entry, he committed numerous crimes, including his recent DUI arrest and domestic violence offenses and violation of a domestic violence protective order. *Id.* As such, the IJ found that Martin should not be released from custody given his "criminal and immigration history, coupled with the fact that he has no relief before the Court." *Id.*

As alleged by the respondents, Martin filed an appeal with the BIA regarding his custody determination asserting that the criminal records presented to the IJ are of another person, not the petitioner's records. ECF No. 11 at 2–3. The BIA set a briefing schedule where the petitioner's brief was due on February 26, 2026. *Id.* Martin did not file his brief on time per the briefing schedule,[4] and the BIA has yet to render a decision on the appeal. *Id.*

---

[4] Failure to file a timely brief does not automatically render the appeal denied. *See Garcia-Cortez v. Ashcroft,* 366 F.3d 749, 753–54 (9th Cir. 2004) (due process violation where the BIA summarily dismisses an appeal for failing to file a brief, but the notice of appeal is sufficient to put the BIA on notice of the relevant issues on appeal).

## II.   Legal standard

### A.  Petition for writ of habeas corpus

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### B.  Motion to seal

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Kamakana*, 447 F.3d at 1178–79 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

## III.   Discussion

### A.  Martin's motion to seal (ECF No. 8) is denied without prejudice.

Martin moves to seal seven exhibits arguing "compelling reasons" exist to grant the requested relief. ECF No. 8 at 3. Martin argues that because the exhibits contain his date of birth, alien registration number, asylum claims for reasonable fear, and "other private information," he seeks to seal the entirety of each document. *Id.* To support his position, he explains that protecting the privacy of "confidential medical records constitutes a compelling reason." *Id.* at 2 (citing to *Kamakana*, 447 F.3d at 1178). Indeed, medical records generally do

constitute a compelling reason, but Martin's exhibit do not contain his medical records. Upon reviewing the motion and the exhibits, it is unclear what points and authorities Martin relies on to seal seven exhibits in their entirety. Moreover, Martin's request is not narrowly tailored. The court notes that Martin should narrowly tailor any future requests, to include redacting any personal identifying information as redaction is the preferred method. *See Jaramillo v. Area 15 Las Vegas LLC*, 2021 WL 5826312, at *12 (D. Nev. Mar. 8, 2022) ("Redaction is the Court's preferred method over sealing an entire document."). To "the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents." *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1041 (D. Nev. 2021) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011)). The petitioner should have filed a publicly accessible version, redacting the small portions that should be sealed. As such, Martin's motion to seal is denied without prejudice.

**B. Martin's amended petition for writ (ECF No. 7) is denied without prejudice.**

Martin seeks a writ of habeas corpus requiring release from custody, arguing his continued detention is unconstitutional because the IJ confused his criminal record with someone else when the judge determined he posed a danger to the community. ECF No. 7 at 2. Martin argues that the IJ's decision that he presents a danger is "legally erroneous, was not supported by evidence, and therefore violates his Fifth Amendment due process rights." *Id.* at 4, 6. Martin does not assert any additional grounds for relief in his amended petition.

The respondents argue that (1) the court lacks jurisdiction to hear the petition under 8 U.S.C. § 1252(g), (2) the immigration judge accurately determined that the petitioner was a danger to the community and a flight risk, and (3) the petitioner should not be released or provided a bond hearing because the post order detention provisions of 8 U.S.C. § 1231 govern. ECF No. 11.

In reply, Martin argues that the court has jurisdiction pursuant to 28 U.S.C. § 2241, which grants federal courts the authority to issue writs of habeas corpus to individuals in custody. ECF No. 13 at 2. Martin next argues that he must be released because the denial of his bond was based on factually incorrect information—that is, the IJ incorrectly found that Martin was a danger to the community because he committed numerous crimes, which includes domestic violence offenses and a violation of a domestic violence protective order. *Id.* at 5–6. For the first time, Martin seeks alternative relief, requesting a new bond hearing[5] if the court does not release him immediately. *Id.* at 6. To support his position, he asserts that his last bond hearing occurred on September 19, 2025—more than six months ago—and his prolonged detention without the opportunity for a renewed bond hearing violates his due process rights under the Fifth Amendment. *Id.* at 6–7. In seeking this request, Martin, analyzes the *Mathews* factors. *See Mathews v. Eldridge*, 424 U.S. 319 (1976).

As a threshold matter, I first address whether this court has jurisdiction. Although the respondents argue that this court lacks jurisdiction pursuant § 1252(g), I disagree, but sua sponte find that this court lacks jurisdiction because Martin's petition is premature. The respondents' opposition indicates that Martin appealed the IJ's bond determination to the BIA, and that Martin's brief was due in February 2026. However, Martin fails to provide this court with any information concerning the status of this appeal either in his petition or reply.[6]

Martin has exercised his right to appeal the denial of his bond determination hearing. *See Fonua v. United States*, 2025 U.S. Dist. LEXIS 65442, at *2 (D. Nev. April 7, 2025) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008) (explaining if a petitioner is dissatisfied with

---

[5] Martin's amended petition (ECF No. 7) does not assert any alternative relief, rather, he only seeks relief based on the alleged erroneous decision the IJ made in his bond determination hearing. As such, I do not consider his arguments raised for the first time in his reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

[6] Martin does explain that he appealed the decision rendered during the April 18, 2025 review hearing finding that Martin had "not established a reasonable possibility that the noncitizen would be persecuted on the basis of a protected ground." *See* ECF No. 7 at 4; *see also* ECF No. 9-1 at 2–61 (appeal to the Ninth Circuit in Case No. 25-2551).

the IJ's bond determination, he may file an administrative appeal so that the necessity of detention can be reviewed by the BIA)). That is the proper procedural mechanism to seek a bond redetermination. The Ninth Circuit precedent provides that a noncitizen *must* seek review from the BIA before filing a habeas petition in this court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (emphasis added) (explaining once the BIA has rendered its decision, the petitioner could have properly pursued habeas relief in the district court and the district court would have been subject to review). Meaning, the court is without jurisdiction until a decision is rendered by the BIA. It is not enough that the appeal remains pending. Consequently, this court does not make any findings on the merits. The petition is not ripe, so the requested relief therein is denied.

## IV.      Conclusion

IT IS ORDERED that Martin's first amended petition for writ of habeas corpus [ECF No. 7] is DENIED without prejudice.

IT IS FURTHER ORDERED that Martin's motion to seal [ECF No. 8] is DENIED without prejudice. The exhibits will remain conditionally sealed. The petitioner must file a renewed motion seeking leave to file redacted versions of the exhibits and must also file publicly accessible redacted versions of the exhibits previously submitted under seal by April 14, 2026.

The Clerk of Court is kindly instructed to replace Kristi Noem with Markwayne Mullin and to replace Pamela J. Bondi with Todd Blanche.

Dated: April 6, 2026

_____
Cristina D. Silva
United States District Judge