UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joel Jeronimo Martin,

                            Petitioner

v.

The United States of America, et al.,

                            Respondents

Case No. 2:26-cv-00388-CDS-NJK

**Order Granting the Petitioner's Motion for Reconsideration and Granting in Part and Denying in Part the Petitioner's First Amended Petition**

[ECF Nos. 7, 15]

Petitioner Joel Martin initiated this action on February 13, 2026, by filing a petition for writ of habeas corpus. Pet., ECF No. 1-1. On April 6, 2026, I denied his petition based on the ground that it was premature and not ripe. Order, ECF No. 14. On April 13, 2026, the petitioner filed a motion to reconsider. Mot., ECF No. 15. This motion is fully briefed. *See* Resp., ECF No. 18; Reply, ECF No. 19. For the reasons set forth herein, the petitioner's motion for reconsideration is granted, and I grant in part and deny in part his first amended petition.

I.      **Legal authority**

        A.  **Motion to reconsider**

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration.

Under Federal Rule of Civil Procedure 59(e), reconsideration may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening

change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted). Clear error is "plain and indisputable, and [it] amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (cleaned up). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols., Inc.*, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013); *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

In this district, motions for reconsiderations are governed by Local Rule 59-1. As set forth in that rule, a party seeking reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." Local Rule 59-1(a). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "Motions for reconsideration are disfavored." LR 59-1(b).

### B. Writ of habeas corpus

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

II.     Discussion

    **A.  In the interest of justice, the motion for reconsideration is granted.**

Martin moves for reconsideration because the court erred in determining the court lacked jurisdiction under *Leonardo v. Crawford.* ECF No. 15 at 3 (citing 646 F.3d 1157, 1160 (9th Cir. 2011)). He acknowledges that *Leonardo* does require detainees like himself to exhaust administrative remedies before filing for habeas relief, but notes there are exceptions to that requirement that are met here. *Id.* Citing *Laing v. Ashcroft*,[1] Martin argues that this court can waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.*

Martin argues that he meets a *Laing* exception and he demonstrates irreparable harm, given that he has been detained since February 11, 2025 (well over fourteen months), and his last bond hearing was in August 2025. *Id.* Martin further argues that other courts have found that prolonged detention constitutes irreparable harm. *See id.* at 3–4 (citing *Ortega-Rangel v. Sessions,* 313 F. Supp. 3d 993, 1003–04 (N.D. Cal. 2018)).

The federal respondents argue in opposition that the petitioner does not meet the *Laing* exception. ECF No. 18 at 3. Particularly, they argue that there can be no irreparable harm because the process is ongoing and the petitioner has not been denied adequate process in the first place. *Id.* at 4. In reply, Martin argues that the court should waive the exhaustion requirement because he would suffer irreparable harm due to continued unlawful detention. ECF No. 19 at 2.

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo,* 646 F.3d at 1160. But as Martin argues, administrative exhaustion can be waived when "administrative remedies are inadequate

---

[1] 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *SEC v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir. 1981)).

or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing*, 370 F.3d at 1000. Ultimately, "[t]he **party moving** the court to waive prudential exhaustion requirements **bears the burden** of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted) (emphasis added).

Although Martin had the opportunity to raise arguments concerning waiver of administrative exhaustion but failed to do so, I nonetheless find that the interests of justice and the length of Martin's detention constitute an "unusual circumstance" warranting reconsideration of the decision denying his amended petition for failure to exhaust administrative remedies. And the petitioner has met his burden showing a *Laing* exception applies here—that is, irreparable harm. Indeed, Martin has been detained for over a year now, and the respondents have not provided evidence that the pending BIA appeal will be resolved soon. This circuit has held "that waiver was appropriate in the case of an alien who challenged the indefinite length of his detention pending removal rather than his removability." *See Laing*, 370 F.3d at 1001; *see also Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003); *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003). Other courts have determined that "the potential for irreparable harm to [the] Petitioner, in the form of continued unlawful denial of [bond] hearings for potentially four months or more," was so great that waiver of exhaustion requirement is appropriate. *See Villalta v. Sessions*, 2017 U.S. Dist. LEXIS 162981, at *9 (N.D. Cal. Oct. 2, 2017); *Cortez v. Sessions*, 2018 U.S. Dist. LEXIS 51007 (N.D. Cal. Mar. 27, 2018); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding irreparable harm in continued detention of noncitizens who would likely be granted conditional release if afforded a bond hearing); *Lozano Rosales v. Simon*, 2026 U.S. Dist. LEXIS 50660, at *14 (E.D. Va. Mar. 11, 2026) (observing that the federal respondents had "not advanced any compelling argument for the proposition that [the petitioner] should be required to appeal to the BIA before seeking relief" in a habeas proceeding, and refusing to require the petitioner to "sit in an ICE detention facility for months on end while he awaits a BIA decision").

I apply that reasoning here and grant the petitioner's motion for reconsideration, finding the circumstances of this case warrant waiver of administrative exhaustion.[2] I now turn to the merits of Martin's petition for writ of habeas corpus.

**B. Because Martin has not provided points and authorities to support his position, I deny in and grant in part his petition for writ of habeas corpus.**

Martin argues that he should be released from custody because the IJ's decision that Martin presents a danger is legally erroneous, is not supported by evidence, and violates his Fifth Amendment due process rights. ECF No. 7 at 4. Martin does not argue any other grounds for relief in his petition (e.g., a due process violation because of the length of his detention). Because Martin's amended petition does not provide this court with points and authorities to support his position that release is the appropriate relief, together with the other information in the record, I deny his petition for writ of habeas corpus requesting release from detention.

However, I nonetheless grant Martin alternative relief in the form of requiring a new bond hearing. In assessing a noncitizen's request to be released on bond, the IJ was obligated to consider the factors outlined by the BIA in *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). That case sets out the nine factors to be considered in assessing an individual's request for release on bond:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitled the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

---

[2] Counsel is reminded that should they want the court to consider an argument, it must be raised at the first instance. Martin's pro se petition did raise an argument as to administrative remedies, arguing that appealing to the board would be futile. ECF No. 4 at 6. On March 3, 2026, counsel for Martin appeared. ECF No. 6. On March 11, 2026, the first amended petition became the operative petition, and it did not raise arguments as to why administrative exhaustion was waived. ECF No. 7.

*In re Guerra*, 24 I. & N. Dec. at 40. Martin argues that "the evidence simply does not support denying [the petitioner's] request for bond on the basis of danger to the community." ECF No. 7 at 6. In other words, he argues that the IJ's findings were legally erroneous. *Id.* Martin argues that the IJ determined that the petitioner was a danger to the community because he allegedly "committed numerous crimes, including domestic violence offenses and violation of a domestic violence protective order." *Id.* (quoting Bond memo of the IJ, Pet.'s Ex. 4, ECF No. 9-4 at 2). But this is simply not the entirety of the IJ's determination. On September 19, 2025, an IJ issued a separate bond memorandum explaining the decision denying Martin's bond and finding that DHS met its burden of proving that he was a "danger to the community" and "a flight risk such that he should not be released from custody." ECF No. 9-4 at 3. Therein, the IJ explained that it concurred with DHS's findings that Martin continued to disregard the laws of the United States. *Id.* The IJ further explained that Martin was "**prosecuted for illegal entry in the United States and**" entered illegally again. *Id.* (emphasis added). The IJ further explained that after his most recent illegal entry, he committed numerous crimes, including his **recent DUI arrest** and domestic violence offenses and violation of a domestic violence protective order. *Id.* As such, the IJ found that Martin should not be released from custody given his "**criminal and immigration history, coupled with the fact that he has no relief before the Court.**" *Id.* (emphasis added).

In opposition, the respondents make three arguments: (1) the court lacks jurisdiction to hear the petition under 8 U.S.C. § 1252(g); (2) the immigration judge accurately determined that the petitioner was a danger to the community and a flight risk; and (3) the petitioner should not be released or provided a bond hearing because the post order detention provisions of 8 U.S.C. § 1231 govern. ECF No. 11.

I find that even if the IJ "attributed someone else's criminal record to Joel," ECF No. 7 at 6, Martin provides no points and authorities to explain how this court can order his release after an IJ has made a finding that he is a danger to the community based on his other criminal convictions. Rather, the only authority Martin references in his petition that may give an

indication on what he relies on is—"[t]he APA affords a right of review to a person who is 'adversely affected or aggrieved by agency action.'" *Id.* at 2 (citing 5 U.S.C. § 702). But this does not amount to an argument that the bond hearing before the IJ did not afford him a full and fair opportunity to be heard (to warrant release under a due process violation). He only asserts that the nine *Guerra* factors favor him, and the IJ clearly erred based on mistaken identity when it found that Martin was a danger to the community. *Id.* at 7–8. Consequently, I deny his amended petition for writ of habeas corpus seeking release from custody, but grant his alternative request for relief seeking a bond hearing.[3] Martin is entitled to a constitutionally compliant bond hearing, that takes into account his complete and correct history within seven days of this order.

## III.   Conclusion

IT IS HEREBY ORDERED that the petitioner's motion for reconsideration **[ECF No. 15] is GRANTED**.

IT IS FURTHER ORDERED that the petitioner's amended petition for writ of habeas corpus **[ECF No. 7] is GRANTED in part and DENIED in part as set forth in this order**. The petitioner must have a bond hearing that takes into account his complete and correct history **by May 15, 2026**.

IT IS FURTHER ORDERED that the parties must file a *joint* status report, by May 22, 2026, advising whether this order was complied with, the results of the renewed bond hearing, and whether this action should remain open or be closed.

Dated: May 8, 2026

_____
Cristina D. Silva
United States District Judge

---

[3] Although the court ordinarily would disregard arguments raised for the first time in a reply, as Martin did here when he requested a second bond hearing, in the interests of justice I grant this alternative relief in light of the court's decision to grant his motion for reconsideration.